# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL S. DENGSAVANG,**

    **Plaintiff,**

v.                                                   Case No. 19-CV-333

**WILLIAM J. POLLARD,**

    **Defendant.**

## ORDER

Petitioner Michael S. Dengsavang, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus on March 5, 2019. (ECF No. 1.) On May 10, 2019, the court reviewed Dengsavang's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 6.) It found that Dengsavang's petition contained both exhausted and unexhausted claims. (*Id*. at 4-6.) As such, the court gave Dengsavang two options:

> He may amend his petition to remove the unexhausted claims (grounds two, three, five, sex, and seven). Or he may return to state court to exhaust his state court remedies for the claims he raises in grounds two, three, and five. If he chooses to do the latter, however, his current habeas petition will be dismissed unless he shows "good cause" for staying this matter and holding his petition in abeyance.

(*Id*. at 6-7.) (Citing *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005).)

On June 7, 2019, Dengsavang filed a motion to stay his petition while he exhausts his state court remedies on the unexhausted claims in his petition. (ECF No. 7.) He argues that he has "demonstrated at least a minimal level of good cause for his failure to exhaust his state remedies" and that "all of [his] unexhausted claims are not completely meritless." (*Id.* at 2.)

The court has discretion to grant a "stay and abeyance" of a habeas petition while the petitioner returns to state court to exhaust his unexhausted claims. *Rhines*, 544 U.S. at 275-77. However, the Supreme Court of the United States has held that a stay shall be permitted only in limited circumstances because, if employed too frequently, it would undermine the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). *Id.* at 277. It explained:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Id.*

As such, "the court may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust his or her claims first in state court." *Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017). Moreover, even when there is good cause, "a court may not grant a stay and abeyance when the unexhausted claims are

plainly meritless, or when a petitioner has engaged in abusive litigation tactics or intentional delay." *Id.* (citing *Rhines*, 544 U.S. at 277-78).

Dengsavang offers only one conclusory sentence in support of his good cause argument, stating without elaboration that he has "demonstrated at least a minimal level of good cause for his failure to exhaust his state remedies." (ECF No. 7 at 2.) The court has carefully reviewed Dengsavang's motion, as well as his petition and other filings, and cannot discern any basis for concluding that he had good cause for failing to exhaust his claims in state court. The mere fact that he is *pro se* or lacks legal knowledge does not provide good cause for a stay. *Yeoman*, 875 F.3d at 837-38. As such, the court declines to enter a stay under *Rhines*.

Since the court has declined to enter a stay, Dengsavang has two options. First, he may file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims in state court. If he chooses that option, however, the court advises Dengsavang that the statute of limitations may expire during the time it takes him to exhaust his unexhausted claims, which could result in the loss of all his claims, including those already exhausted. *See* 28 U.S.C. § 2244(d)(1).

Dengsavang's second option is to file a letter indicating that he wishes to proceed only on his exhausted claims (grounds one and four) and file an amended petition that does not include the unexhausted claims (grounds two, three, five, six, and seven). If

3

Dengsavang chooses to amend his petition, the court will permit him to add claims that he has exhausted in state court but did not include in his original habeas petition.

**IT IS THEREFORE ORDERED** that Dengsavang's motion for stay and abeyance (ECF No. 7) is **denied**.

**IT IS FURTHER ORDERED** that, by **July 29, 2019**, Dengsavang shall: (1) file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims (grounds two, three, and five) in state court; or (2) file a letter indicating that he wishes to proceed only on his exhausted claims and file an amended petition that does not include the unexhausted claims (grounds two, three, five, six, and seven).

Dated at Milwaukee, Wisconsin this 28th day of June, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge