# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL S. DENGSAVANG,**

    **Plaintiff,**

v.      Case No. 19-CV-333

**WILLIAM J. POLLARD,**

    **Defendant.**

## ORDER

Petitioner Michael S. Dengsavang, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus on March 5, 2019. (ECF No. 1.) On May 10, 2019, the court reviewed Dengsavang's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. (ECF No. 6.) It found that Dengsavang's petition contained both exhausted and unexhausted claims. (*Id*. at 4-6.) As such, the court gave Dengsavang two options:

> He may amend his petition to remove the unexhausted claims (grounds two, three, five, sex, and seven). Or he may return to state court to exhaust his state court remedies for the claims he raises in grounds two, three, and five. If he chooses to do the latter, however, his current habeas petition will be dismissed unless he shows "good cause" for staying this matter and holding his petition in abeyance.

(*Id*. at 6-7.) (Citing *Rhines v. Weber*, 544 U.S. 269, 275-77 (2005).)

On June 7, 2019, Dengsavang filed a motion to stay his petition while he exhausts his state court remedies on the unexhausted claims in his petition (ECF No. 7), which the court denied (ECF No. 8). Since the court declined to enter a stay, it gave Dengsavang two options:

> First, he may file a letter seeking dismissal of this action in its entirety to permit him to seek exhaustion of his unexhausted claims in state court. If he chooses that option, however, the court advises Dengsavang that the statute of limitations may expire during the time it takes him to exhaust his unexhausted claims, which could result in the loss of all his claims, including those already exhausted. *See* 28 U.S.C. § 2244(d)(1).
>
> Dengsavang's second option is to file a letter indicating that he wishes to proceed only on his exhausted claims (grounds one and four) and file an amended petition that does not include the unexhausted claims (grounds two, three, five, six, and seven). If Dengsavang chooses to amend his petition, the court will permit him to add claims that he has exhausted in state court but did not include in his original habeas petition.

(ECF No. 8 at 3-4.)

On July 25, 2019, Dengsavang filed an amended petition for a writ of habeas corpus. (ECF No. 10.) The court must now review his amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judgment must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the amended petition, the court is unable to say that it is plainly apparent that Dengsavang is not entitled to relief. Therefore, the respondent shall answer the amended petition.

The Clerk of Court shall promptly serve the respondent by service of a copy of the amended petition and this order upon the State of Wisconsin Attorney General.

Within **60 days** of the date of this order, the respondent shall either answer the amended petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases or file a motion to dismiss. An optional supplemental brief in opposition to the amended petition may be filed along with the answer to the amended petition.

Within **28 days** of the respondent's answer or motion to dismiss, Dengsavang shall submit a brief in response.

In the event the respondent files a motion to dismiss, the respondent shall have **14 days** from Dengsavang's response in which to file a reply.

Unless the court determines that additional proceedings are necessary, that will conclude the briefing. The court will then resolve the amended petition on the written record.

**SO ORDERED.**

Dated at Milwaukee, Wisconsin this 30th day of July, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge